FILED
SUPERIOR COURT
OF GUAM

2018 MAY 23 PM 3: 49

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| THE PEOPLE OF GUAM, | ) | **Case No. CF0272-16** |
| | ) | |
| vs. | ) | **DECISION AND ORDER** |
| | ) | |
| JIMMY MARK CRUZ TYQUIENGCO, | ) | |
| Defendant. | ) | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on March 7, 2018 for a motion hearing upon Defendant Jimmy Mark Cruz Tyquiengco's ("Defendant" or "Mr. Tyquiengco") Motion to Reconsider Pursuant to GRCP 59(e) ("Motion to Reconsider") filed on January 22, 2018. During the hearing, Assistant Attorney General Jeremiah B. Luther represented the People of Guam ("People) and Attorney James M. Maher represented Defendant. Having duly considered the parties' arguments, briefings, and the applicable law, the Court now issues the following Decision and Order and DENIES Defendant's Motion to Reconsider.

## BACKGROUND

Defendant was initially charged on May 13, 2016 with Child Abuse (as a Third Degree Felony) and Family Violence (as a Misdemeanor). (Indictment, May 13, 2016.) The charges

**ORIGINAL**

arise from an incident involving Defendant's daughter – G.S.T. ("Victim") – that allegedly occurred on or about April 24, 2016. During an arraignment hearing on June 15, 2016, Defendant entered a plea of not guilty and waived his right to a speedy trial pursuant to 8 G.C.A. § 80.60. (Minute Entry, June 15, 2016; Waiver of Speedy Trial, June 15, 2016.) Thereafter, the Court issued a Trial Scheduling Order setting jury selection and trial for June 18, 2017. (Criminal Trial Scheduling Order, Nov. 17, 2016.) Defendant withdrew his demand for a jury trial and requested for a bench trial on May 18, 2017. (Notice of Withdrawal of Demand for Jury, May 18, 2017.)

On July 14, 2017, a grand jury returned a Superseding Indictment and charged Defendant with Aggravated Assault (as a Third Degree Felony), Child Abuse (as a Third Degree Felony), and Family Violence (as a Third Degree Felony), each accompanied by a Special Allegation for Possession or Use of a Deadly Weapon in the Commission of a Felony. (Superseding Indictment, July 14, 2017.) Following the filing of the Superseding Indictment, the Court granted a request by Defendant's prior attorney, Vincent Leon Guerrero, to withdraw as counsel. (See Order Granting Def.'s Req. for Withdrawal of Counsel, Nov. 8, 2017.)

Attorney James M. Maher entered his appearance as counsel to Defendant on November 15, 2017. On January 9, 2018, Defendant filed an Application for Shortening Time for Motion to Extended Discovery or in the Alternative to Dismiss the Indictment ("Application and Motion to Extend Discovery"). In an Order issued on January 17, 2018, the Court denied the Application and Motion to Extend Discovery stating therein that it was untimely filed and that no good cause has been shown to allow for the late filing. (Order, January 17, 2018.) Defendant subsequently moved for reconsideration of the Order by filing the current Motion to Reconsider.

The Court heard oral arguments on the Motion to Reconsider on March 7, 2018 and subsequently took the matter under advisement.

## DISCUSSION[1]

Pursuant to the Criminal Procedure Rules of the Local Rules of the Superior Court of Guam, a party may file a motion for reconsideration of a decision if:

(1) a material difference in fact or law from that presented to the court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,

(2) the emergence of new material facts or a change of law occurring after the time of such decision, or,

(3) a manifest showing of a failure to consider material facts presented to the Court before such decision.

Super. Ct. Guam CR 1.1(d).

Here, Defendant argues that reconsideration of the Court's order denying the Application and Motion to Extend Discovery is proper by contending that Defendant timely filed a Motion for Discovery which the Court granted and which the People purportedly failed to comply with. (See Order Granting Def.'s Mot. for Discovery, Oct. 4, 2016.) Although the Court did grant the Motion for Discovery, Defendant still had a duty and obligation to abide by the Court's scheduling orders and to move for an extension of discovery or to raise any other discovery issues – within the timeframes therein – if the People were not producing documents

---

[1] Defendant moves for reconsideration under Rule 59(e) of the Guam Rules of Civil Procedure. Under Rule 59(e), reconsideration is appropriate when 1) the Court is presented with new evidence; 2) the Court committed clear error or its decision was manifestly unjust; or 3) if there is an intervening change in controlling law. See Rong Chang Company, Ltd., Inc. v. M2P, Inc., 2012 Guam 1 ¶ 16 (*quoting* Ward v. Reyes, 1998 Guam 1, ¶ 10); DFS Guam L.P. v. A.B. Won Pat Int'l Airport Auth., 2014 Guam 12 ¶ 21. The Supreme Court of Guam, however, has not explicitly stated that Rule 59(e) applies in criminal proceedings. Thus, the Court will construe the motion primarily under CR 1.1(d) of the Local Rules of the Superior Court of Guam, which is substantively similar to reconsideration under Rule 59(e).

pursuant to the Court's order.[2] Such actions did not occur within the timeframes ordered by this Court because Defendant's Application and Motion to Extend Discovery on January 9, 2018 was filed approximately twelve (12) days after the December 28, 2017 deadline stated in the Trial Scheduling Order. (See Trial Scheduling Order, Dec. 1, 2017.) Defendant also has not explained or provided any reason why any of the motion deadlines set by this Court could not be met considering that Defendant filed several motions prior to the deadline and that Defendant's counsel knew of the material at dispute since August 7, 2017.

The Court emphasizes for the second time the importance of adhering to the dates imposed in scheduling orders so as to maintain the integrity of judicial proceedings and to achieve the orderly and expeditious disposition of cases. Otherwise, a scheduling order would be rendered meaningless were the parties allowed to file motions after the motion cutoff date without good cause. There being no reason for reconsideration under any prong of CR 1.1(d) or Rule 59(e), the Court denies the motion.

### CONCLUSION

For the reasons stated above, the Court DENIES the Motion to Reconsider. A criminal trial setting will be scheduled at a later time once the Court resolves other pending motions.

**IT IS SO ORDERED** on this 23rd day of May, 2018.



SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of: _AG's,_

_James M. Maher_

Date_MAY 2 3 2018_ _4pm_ Time

_C-y_

Deputy Clerk, Superior Court of Guam

_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

---

[2] Defendant also contends that the Court overlooked the October 4, 2016 order granting Defendant's prior motion for discovery when it denied the Application and Motion to Extend on January 17, 2018. The Court is well aware of this filing and notes that the Order Granting Defendant's Motion for Discovery does not alleviate any responsibility of the Defendant to timely file motions arising from any purported violation of that order.